## WILLIAM P. BRINTON
## v.
## HERMAN EINHAUS.

*Negotiable Paper—Action against Payee as Indorser—Former Adjudication as to fact of Payment before Transfer.*

In an action against the payee as indorser on a note transferred to plaintiff after maturity and payment, it is *held:* That the defendant is liable for the amount of the note, and that the judgment establishing the fact of payment, in a suit by the plaintiff to foreclose a trust deed securing the note, is conclusive, the defendant having been a party to the foreclosure proceedings.

[Opinion filed November 20, 1886.]

APPEAL from the Circuit Court of Adams County; the Hon. WILLIAM MARSH, Judge, presiding.

Messrs. BONNEY & WOODS, for appellant.

Mr. IRA N. MOORE, for appellee.

. The transfer of a chose in action as unpaid amounts to an implied warranty that it is unpaid.   Robinson v. McNeill, 51 Ill. 225; Plain v. Roth, 107 Ill. 588; Brown v. Montgomery, 20 N. Y. 292; Morford v. Davis, 28 N. Y. 481; Watson v. Chesine, 18 Iowa, 202; Kingsley v. Fitts, 55 Vt. 293.

Where a note is assigned after maturity, the assignor, under our statute, assumes to pay the note if the bringing of a suit

would prove unavailing. R. S. 1874, Ch. 98, Sec. 7; Crouch v. Hall, 15 Ill. 263; Kestner v. Spath, 53 Ind. 288.

The indorsement of this note by the defendant after maturing is equivalent to the drawing of a new note payable at sight. Light v. Kingsbury, 50 Mo. 331.

PLEASANTS, P. J. This case has been needlessly complicated by the introduction of what is considered irrelevant matter. A statement of the material facts will suffice, without argument, to show that the judgment for appellee was right.

On January 15, 1875, William H. Cather gave his note to appellant for $500, due three years after date, with interest at ten per cent. per annum, payable semi-annually, which, with another for $1,000 to another party, was secured by a trust deed of real estate. In the summer or fall of 1882, appellant indorsed it in blank, and delivered it for negotiation to Warren F. Pitney, who sold it to appellee for its face value, less about five dollars of interest last accrued and which was unpaid and the interest previously accrued, which was endorsed and paid. In October, 1883, appellee filed his bill in equity to foreclose the trust deed, making Cather and his wife, the trustee, the payee of the other note and the appellant here defendants, all of whom except the trustee answered, and the holder of the other note also filed her cross-bill making all the others named defendants thereto, all of whom except said trustee answered, and replications to the answers to original and cross-bills were filed. At the June term, 1884, on final hearing upon said pleadings and the proofs, the court found, among other things, "that said $500 note, payable to said Samuel P. Brinton, has been paid by said William H. Cather, and that the same had been paid off by said Cather before the same was transferred to said Einhaus, and that said Einhaus obtained said $500 note four years after the same had become due and payable, from one Warren F. Pitney, and that said Pitney was not authorized by said Cather to transfer the same to said Einhaus, and that said Cather never authorized the transfer of said note to said Einhaus." The de-

cree accordingly dismissed the original bill at complainant's costs and " forever barred " him " from enforcing payment of said $500 note from said William H. Cather, and from enforcing any lien on or against the real estate in said deed of trust described, reserving, however, to him, any legal rights he may have against said Pitney and said Brinton, growing out of the purchase of said $500 note."

Thereupon Einhaus wrote over the signature of appellant on the back of said note a special assignment to himself, and brought this suit to the next term against him as assignor, charging in several counts, respectively, among other things, that suit against the maker at any time since the assignment would have been unavailing, and that the defendant by such assignment warranted that said note except the interest thereon to that date was unpaid, and that if it had been unpaid it would have been worth $500, but that it had then been fully paid and was worthless, to which several special pleas were interposed, but afterward withdrawn upon a stipulation that any proper defense might be introduced under the general issue.

By agreement the case was tried without a jury, and upon a finding of the issues for plaintiff and assessment of his damages at $595.25 the court, after refusing a new trial, rendered judgment.

Appellant introduced evidence, against the record of the decree referred to, that when he parted with the note it had not in fact been paid, and also claimed that his assignment was not to appellee but to Pitney; whether that claim, if substantiated, would help him, we need not determine, for though it appears there was a time when he so understood it, and Pitney knew he did, his own testimony shows it was not until after the sale to appellee. He admitted that he delivered the note to Pitney, as his agent, to raise money upon it, but says that some time afterward Pitney told him he had concluded to keep it himself, though he could not then pay for it in full, but he did then pay him $300, and the residue within a few weeks, which $300 was part of the proceeds of its sale to appellee. Pitney testified that he made the sale to appellee, and

appellee that he made the purchase of Pitney, as agent of appellant.

That it had then been paid by the maker is established by the finding and decree mentioned, which are conclusive in this suit.

It thus appearing that he assigned the note to appellee for a valuable consideration after it had been paid by the maker, his liability under either of the special counts referred to would seem to be clear. No citation of authorities is deemed necessary.

Whatever of hardship to him may be in this judgment must be due to the former adjudication of the fact of such payment. That adjudication remains in full force, and appellee was no more bound than he to prosecute an appeal or writ of error thereon.

*Judgment affirmed.*